UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case Number 3:24-cr-00151 |
| | ) | JUDGE RICHARDSON |
| MATTHEW ISAAC KNOOT | ) | |

## ORDER

Pending before the Court is the Motion to Suppress filed by Defendant (Doc. No., 48, "Motion"). The Government has filed a response in opposition to the Motion (Doc. No. 52), and Defendant has filed a reply in support of the Motion (Doc. No. 55).

Considering the nature of the arguments regarding (and the potential outcomes to) the Motion as described in the following paragraphs, the Court concludes that additional briefing is warranted regarding three issues implicated by the Motion.

The search warrant is this case authorized collection of evidence from—and the affidavit in support of the search warrant ("Warrant 1") purportedly established a so-called nexus with—company-issued laptops *and* Defendant's personally owned laptops. Defendant seeks suppression of (i) "all evidence that law enforcement discovered on any device in his apartment" ("Warrant 1 Electronic Information"), (Doc. No. 48 at 1), and (ii) and all evidence law enforcement received from Discord, Inc. ("Discord Information") based on a search warrant (Warrant 2) obtained based on an affidavit that included Warrant 1 Electronic Information, which (according to Defendant) taints Warrant 2. (*Id.*).

Defendant first argues that Warrant 1 (and thus Warrant 2 as well) is invalid for lack of particularity because it fails to particularly describe the electronic devices to be seized and the (electronic) "places" to be searched on those devices. He then argues that that Warrant 1 (and thus Warrant 2 as well) is invalid because it fails to set forth facts stablishing "a nexus between [Defendant's] personal devices and the crimes under investigation."  (Doc. No. 48 at 9). (Notably, unlike the first argument, the second argument appears to be an *overbreadth* argument, and that reality necessitates an examination of the three issues below). Finally, and as indicated above, Defendant argues that the Discord Information must be suppressed because it was obtained based on a search warrant (Warrant 1) that supposedly was invalid.

Based on Defendant's arguments and the particular relief (suppression of all Warrant 1 Electronic Information and all Discord Information supposedly obtained based on Warrant 1 Electronic Information), the following three issues (among others) are implicated. First, to what extent (which might be a more limited extent than Defendant has asserted) would Warrant 1 and Warrant 2 be deemed invalid if the Court accepts the second of Defendant's arguments, but not the first? That is, would the warrant be invalid in its entirety, or only to the extent that authorized the search of Defendant's personal computers? Second, and relatedly, if the Court accepts the second of Defendant's arguments but not the first, to what extent would Defendant be entitled presumptively (i.e., assuming no applicability of the Leon exception) to the (broad) suppression remedy that he seeks (which might be a more limited extent than Defendant has requested)? That is, would Defendant be presumptively entitled to suppression of all Warrant 1 Electronic Information and all Discord Information, or only some of this information (for example, information obtained via Warrant 1 from personal computers, or information obtained from Warrant 1 computers *and* some or all Discord Information)?

The third issue relates to the *specific* extent of the potential applicability in this case of the so-called *Leon* (i.e., "good-faith") exception to the so-called Fourth Amendment exclusionary rule, if the Court accepts the second of Defendant's arguments but not the first. In that case, to what extent would the *Leon* exception apply to preclude exclusion of Warrant 1 Electronic Information and/or Discord Information that otherwise would be excluded?

The overarching point here is that there are a lot of permutations of the applicable analysis of the extent to which Warrant 1 and Warrant 2 are invalid, and the extent to which suppression of Warrant 1 Electronic Information and Discord Information is appropriate considering the degree to which Warrant 1 and Warrant 2 are invalid. And the parties, in their briefing, have not come to grips with that reality, either by addressing any truly addressing any of the above-stated three issues or in some other manner.

Accordingly, the parties shall file briefs on this issue within 21 days of the entry of the Order.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE