IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 3:24-cr-00151 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| MATTHEW ISAAC KNOOT | ) | |

## RESPONSE OF THE UNITED STATES TO DEFENDANT'S
## MOTION TO CONTINUE TRIAL AND RELATED DEADLINES

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, Joshua A. Kurtzman, and United States Department of Justice Trial Attorney Gregory J. Nicosia, Jr., and responds to the defendant's Motion to Continue Trial and Related Deadlines (hereinafter the "motion" or "motion to continue"). (DE # 58.) For the reason set forth herein, the United States respectfully submits that the defendant's motion should be denied, and trial should proceed with the currently set date and related deadlines.

## PROCEDURAL BACKGROUND

On August 7, 2024, a Grand Jury in the Middle District of Tennessee indicted the defendant, charging him in Count One with Conspiracy to Damage Protected Computers, in violation of Title 18, United States Code, Section 371; Count Two with Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(h); Count Three with Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349; Count Four with Intentional Damage to a Protected Computer, in violation of Title 18, United States Code, Sections 1030(a)(5)(A), (c)(4)(B), and (c)(4)(A)(i)(I); Count Five with Aggravated Identity Theft, in violation of Title 18, United States Code, Sections 1028(a)(1) and 2; and Count Six with Conspiracy to Cause the Unlawful Employment of Aliens, in violation of Title 18, United States Code, Section 371. (DE # 3.)

1

On October 4, 2024, the defendant filed an unopposed motion to continue trial, which was granted on November 7, 2024. (DE # 16 and 29.) On February 17, 2025, the defendant filed a second unopposed motion to continue trial, which was granted on February 18, 2025. (DE # 39 and 41.) Pursuant to the same order, trial was scheduled for June 24, 2025. *Id.* On February 25, 2025, the parties filed a joint motion to set a status conference to discuss the June 24, 2025 trial date and accompanying deadlines. Pursuant to that motion, a status conference was held on March 4, 2025. (DE # 42.) During the status conference, both parties advised the Court that they were prepared to try this case in June 2024; however, the government sought a different date because counsel for the government had a scheduling conflict. Specifically, another pending trial. Following the status conference, counsel for the government notified the Court in a March 18, 2025 filing that the scheduling conflict had resolved—accomplished by the United States coordinating a continuance in the conflicting trial—and that the United States was prepared to proceed with the currently set trial date and related deadlines. (DE # 47.)

On April 1, 2025, the defendant filed a motion to suppress. (DE # 48.) On April 14, 2025, the government filed its response to the motion to suppress, and on April 28, 2025 the defendant filed a reply to the government's response. (DE # 52 and 55.) On May 6, 2025, the Court ordered supplemental briefing from both parties on three issues related to defendant's motion to suppress. (DE # 56.) On May 9, 2025, defendant filed the instant motion to continue, along with a waiver of speedy trial executed by the defendant.

## ARGUMENT

The United States objects to proposed continuance of trial. As noted above, in March 2025 all parties indicated to the Court that they were prepared to proceed with the currently set trial date and related deadlines. Indeed, at that time, Mr. Knoot, through counsel, objected to the modest

continuance sought by the government to address a scheduling conflict, and conveyed that he was unwilling to sign a speedy trial waiver. Accordingly, the government took Mr. Knoot at his word: that he was prepared to proceed to trial. As of today, the government has expended significant efforts to prepare for trial, including preparing and filing its pretrial motions in advance of the May 13, 2025 deadline. Additionally, all members of the trial team are meeting in Nashville the week of May 19th to interview witnesses, prepare exhibits, and engage in other preparatory activities. Significant time and expense has gone into the preparation and planning of these activities; time that was expended on the understanding that Mr. Knoot was prepared to proceed, while managing the same work-related deadlines and filing obligations as the defendant.

With respect to the new information that Mr. Knoot believes will assist in trial preparation, the government is not privy to the defendant's trial strategy. However, the government believes this may be a reference to a recent request from the defendant. Specifically, on May 9, 2025, counsel for the defendant asked counsel for the government to re-review the evidence collected during the search of Mr. Knoot's home for any cameras or storage devices related thereto. In a phone call on May 12, 2025, the undersigned counsel advised that the Federal Bureau of Investigation ("FBI") was not in possession of any cameras related to the search of Mr. Knoot's home, nor does the property receipt issued to Mr. Knoot indicate that any cameras were seized. Additionally, as documented by the photos from the search, the only camera that investigators recall encountering was a Wi-Fi-enabled camera located above a cat tree, which, as shown by the photos, was not seized by the FBI. Again, the government cannot speculate as to how this information would be of use to the defendant; however, even if it was conceivably of some value, the government does not have any such devices within its holdings. Therefore, this request for information should not be the basis upon which trial is continued.

## CONCLUSION

Based on the foregoing, the United States respectfully submits that the Court should deny

the defendant's Motion to Suppress and do so without an evidentiary hearing.

Respectfully submitted,

ROBERT E. MCGUIRE
Acting United States Attorney

SUE J. BAI
Head of the National Security Division

By:       *s/ Gregory Jon Nicosia, Jr.*
GREGORY JON NICOSIA, JR.
D.C. Bar No. 1033923
Trial Attorney
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 353-4273
Gregory.Nicosia@usdoj.gov

*s/ Joshua A. Kurtzman*
JOSHUA A. KURTZMAN
Assistant U. S. Attorney
719 Church Street - Suite 3300
Nashville, Tennessee 37203-3870
Telephone: 615-401-6617

## CERTIFICATE OF SERVICE

I hereby certify that the above document was filed through the ECF system and will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: May 13, 2025                          *s/ Gregory Jon Nicosia, Jr.*
                                             GREGORY JON NICOSIA, JR.
                                             Trial Attorney
                                             National Security Division