UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 3:24-cr-00151 |
| | ) | |
| MATTHEW ISAAC KNOOT | ) | JUDGE RICHARDSON |

# ORDER

Pending before the Court is Defendant's Motion to Continue Trial and Related Deadlines (Doc. No. 58, "Motion"), wherein Defendant requests a continuance of the current rial date of June 24, 2025, which was set via an order dated February 18, 2025 (Doc. No. 41). According to counsel for Defendant, he has recently become aware of additional information that he believes will assist in preparation for trial. (Doc. No. 58 at 1-2). Counsel also represents that "more time is needed to investigate new leads, review technological discovery and evidence, and further finalize trial preparations." (*Id.* at 2). The Government has responded in opposition, arguing (among other things) that it has relied on that firmness of that trial date in scheduling witnesses; the firmness, the Government correctly notes, was indicated by both side's mutual expression that they were prepared to proceed to trial on the June 24 date and Defendant's counsel's representation that Defendant was unwilling to sign a speedy trial waiver as to time beyond June 24. (Doc. No. 64).

The Court certainly understands and is sympathetic to the Government's concerns, but nevertheless **GRANTS** the Motion (Doc. No. 58) for the following reasons. For one thing, although the Government expresses the firm belief that it will not need to produce any additional discovery, (Doc. No. 67), the Court cannot be so sure. The Government has requested a protective order—apparently one stating that the Government need not produce specific additional information—which the Court believes the Government would not even need (and not call upon

the considerable resources required to adjudicate such a request) unless there is some real issue as to whether this information should be produced. Thus, the Government candidly states that if the request for a protective order ultimately is denied, then it is possible that additional discovery would need to be produced to defendant. (Doc. No. 69). In short, the Government by no means can guarantee that it has produced all discovery as necessary and this significantly undercuts the notion that everything unquestionably has all been in place to proceed to trial on June 24 and that it would be unfair to the Government to postpone the trial therefrom. The Court notes additionally that the Government did not even seek the protective order until May 9, 2025. There may be good reasons for this, but the fact remains that an earlier request (and thus an earlier resolution of that request) would have gone a long way to ensuring that Defendant could not complain that the production of additional discovery (if any) based on a denial of that request (if there were such a denial) made the June 24 trial date untenable.

Additionally, there is a pending motion to suppress (Doc. No. 48) filed (in a timely manner) by Defendant. Upon reviewing the briefs, the Court found it necessary to order additional briefing thereon. (Doc. No. 56). That briefing is not due until May 27, meaning that a decision on the motion to suppress (which may take some time, given the issues involved) likely will push up close to the trial date; this counsels in favor of moving the trial date because the outcome of the motion to address will affect how (and, in a best-case scenario for Defendant, even whether) the case will be tried.

Finally, although the Court certainly does not automatically grant a motion for continuance whenever a defendant claims to need more time to prepare, the Court naturally seeks to avoid proceeding to trial at a date on which the defendant's counsel insists he or she will not be ready.

The trial in this case is rescheduled for **August 12, 2025, beginning at 9:00 a.m.** The pretrial conference is rescheduled for **August 4, 2025, at 10:00 a.m.** All lawyers who will try the case shall attend the pretrial conference; as indicated below, the time slot for the pretrial conference alternatively may (upon advance notice to the Court) be used as a change-of-plea hearing, but it is not intended to be a status conference and so counsel should plan and prepare accordingly.

All pretrial motions shall be filed no later than six weeks prior to trial. **If a party does not meet this deadline, or any later deadline obtained via a timely motion to extend the deadline, it may be deemed to have waived any right to file pretrial motions.** A response to a motion shall be filed within fourteen days after the filing of the motion. A reply in support of a motion, should the movant choose to submit one, shall be filed within seven days after the filing of the response. **The deadline for the Government's expert witness disclosure is no later than six weeks prior to the above-stated trial date. The defendant shall advise the Government, not later than two weeks prior to the Government's deadline for expert witness disclosure, if the defendant wishes to forego receiving any expert witness disclosure from the Government (thus avoiding the reciprocal obligation for the defendant to provide an expert witness disclosure).** If defendant does have a reciprocal obligation to provide an expert witness disclosure, the deadline for such disclosure is four weeks prior to the above-stated trial date.

<u>Speedy Trial Act</u>

The Defendant has filed a waiver of speedy trial (Doc. No. 59). The Court concludes that the period of delay is reasonable and is excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq*. The Court specifically finds that the interests of justice served by granting the continuance outweigh the interests of the public and a Defendant in a speedy trial on the date previously scheduled, 18 U.S.C. § 3161(h)(7)(A), (B)in part based on the discussion above, which is

incorporated herein by reference. The Court notes additionally that the diminished weight of a Defendant's interest in a speedy trial is reflected by his choice to move for a continuance and submit a speedy trial waiver. Moreover, a Defendant is likely to be prejudiced if he is not adequately prepared for trial despite due diligence, and the public interest will not be served if such prejudice ultimately requires this case to be retried.

## Change of Plea

Any plea agreement shall be consummated no later than two weeks before the above-stated trial date, and the Courtroom Deputy so notified. Likewise, if the Defendant opts to plead guilty without a plea agreement, the Courtroom Deputy shall be so notified no later than two weeks before the above-stated trial date. If a plea agreement is submitted or if the Defendant opts to plead guilty without a plea agreement, the hearing to take the plea will take place on **August 4, 2025, at 10:00 a.m.**, or at such earlier time as the Court may schedule upon request of the parties.

By noon three days prior to the plea hearing, in advance of any plea hearing, the Government shall submit to chambers the proposed plea agreement (if any) and the plea elements, and counsel for Defendant shall submit a plea petition.

If the case is to be tried, the parties shall file the following by 4:00 p.m. on the Tuesday before trial:

1. An agreed set of case specific jury instructions, with citations to supporting authorities.
2. Alternative versions of jury instructions on which there is not an agreement, with citations to supporting authorities.
3. An agreed verdict form or alternative versions.
4. Motions in limine.

Responses to motions in limine shall be filed by 4:00 p.m. on the Friday before trial.

Parties shall email a Word version of all proposed instructions and verdict forms that are filed to richardson_chambers@tnmd.uscourts.gov.

Any motion to continue the trial shall be filed no later than two weeks prior to the trial date, and any opposition shall be filed no later than two days after the motion to continue. All defense motions to continue shall be accompanied by a Waiver of Speedy Trial.

The parties are forewarned that motions filed after the deadlines set forth herein may not be considered by the Court.

Counsel for the parties shall comply timely with the discovery and motion provisions of LCrR 12.01 and 16.01.

The Defendant shall attend all Court proceedings in this case. If the Defendant is in custody, the Government shall take all necessary actions to secure the timely presence of the Defendant at all Court proceedings. Counsel for the Defendant shall make sure that street clothes are available timely for the Defendant at trial.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE