IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:24-CR-00151 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| | ) | |
| MATTHEW ISAAC KNOOT | ) | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL AND RELATED DEADLINES**

The United States, by and through its undersigned attorneys, submits this response in opposition to Defendant Knoot's *Motion to Continue Trial and Related Deadline* (the "Motion"). (Doc. No. 90.) The Motion is the Defendant's latest attempt to delay his trial, which is odd considering that he has previously refused to sign a waiver of his speedy trial rights. The Motion overstates the amount of newly provided discovery and misstates the discovery that is still to come. The United States has complied with its obligations under Rule 16, *Brady*, and its continuing obligation to provide additional discovery as it comes into the Government's possession.

## ARGUMENT

### A. The Defendant Overstates the Amount of Recent Discovery

First, the Motion overstates the amount of discovery that has been recently produced. The Defendant correctly states that "[o]n June 25, 2025, the United States disclosed an additional batch of discovery to the defense" and "disclosed another batch of discovery on July 16, 2025." (*Id.* at ¶ 5-6.) This production and a subsequent production the Defendant references consist of just 67 files spread across five folders. As seen below, the overall amount of data, both in terms of size and the number of separate files, is relatively insignificant:



As the Court and counsel for the defendant are well aware, when a party prepares witnesses for trial, oftentimes a witness mentions additional documents that might be relevant that have not been previously provided to the Government. This is exactly the composition of these recent productions. Below, in a graphical list, are the contents of the two recent productions defense counsel complains of:

| Production | Contents |
|---|---|
| **June 25, 2025 Production (all PDF files)** | • 302 Regarding Subpoena Return (1 page)<br>• Copy of Subpoena (4 pages)<br>• Proof of Service (1 page)<br>• Subpoena Return from TN Dept. of Labor (68 pages)<br>• List of Defendant's Employers (1 page) |
| **July 16, 2025 Production (all PDF files)** | • 302 Regarding Trial Subpoena to Company B (1 page)<br>• Copy of Subpoena (5 pages)<br>• Subpoena Return from Company B (120 pages) |

The Government acknowledges that an additional production is forthcoming. On July 25, 2025—that is, three days ago—the Government received 42 files across two file folders from a victim company, which it is preparing to disclose forthwith. Overall, these productions are insignificant in terms of the number of documents and the time necessary to review. Accordingly, these limited additional productions are insufficient as a basis for a continuance.

**B.     The Defendant Misstates the Amount of Discovery Related to Victims' Computers in Possession of the Government**

Second, the Motion also complained that the Defendant lacks "forensic imaging of the victim laptops" that the United States has failed to produce this data. Not so. As the Government has previously explained to defense counsel, no forensic image of the victim company laptops exists. Rather, a forensic image of the Defendant's personal computer exists which the Government produced to the Defendant on Oct 23, 2024, via a hard drive.

As the Government has explained previously, the United States has two victim companies' computers physically available for the defense to inspect. On or about June 12, 2025, the undersigned explained to defense counsel that no forensic images of the two victim company laptops existed. Defense counsel did not coordinate a date to review these computers at that time. Subsequently, on June 26, 2025, and July 22, 2025, the United States again extended the offer for defense counsel to inspect the victim company laptops at the Nashville FBI office. On July 24, 2025, defense counsel asked FBI SA Rousseau if they laptops could be made available "next week," to which SA Rousseau responded, "I can do anytime on Thursday or Friday if one of those days work for you." As of the filing of this Response, defense counsel has still not coordinated a time to inspect these laptops. There are limited documents, if any, on these two laptops and an inspection by defense counsel should take no longer than one to two hours to complete. Accordingly, this is also an insufficient reason to continue the trial.

3

## **CONCLUSION**

The Government respectfully submits that Knoot's Motion should be denied, as it is factually unsupported. The Motion either overstates of misstates the amount of discovery recently produced or available for inspection. Thus, the Motion should be denied and trial should proceed as currently scheduled.

Respectfully submitted,

ROBERT E. MCGUIRE
Acting United States Attorney for
the Middle District of Tennessee

BY:   s/ Joshua A. Kurtzman
JOSHUA A. KURTZMAN
Assistant U. S. Attorney
United States Attorney's Office
719 Church Street, Suite 3300
Nashville, TN 37203

s/ Gregory Jon Nicosia, Jr.
GREGORY JON NICOSIA, JR.
D.C. Bar No. 1033923
Trial Attorney
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 353-4273
Gregory.Nicosia@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the above document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: July 28, 2025

                *s/ Joshua A. Kurtzman*
                JOSHUA A. KURTZMAN
                Assistant U. S. Attorney