UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:24-CR-00151 |
| v. | ) JUGDE RICHARDSON |
| | ) |
| MATTHEW ISSAC KNOOT | ) |

**RESPONSE TO UNITED STATES' MOTION TO EXCLUDE PROPOSED EXPERT**

Through undersigned counsel, Matthew Knoot files this response to the Government's motion to exclude Mr. Knoot's proposed expert witness testimony. For the reasons set forth below, the Court should deny the Government's motion in its entirety.

I. **BACKGROUND**

The earliest relevant dates to this issue occurred in February 2025. At that time, the Government made undersigned counsel aware that Mr. Kurtzman may not be available for trial. As a result of that conversation, the parties agreed to request a status conference to discuss the June 24, 2025 trial date. (See D.E. 42). On March 4, 2025, a telephonic status conference was held where the parties discussed continuing the trial. Undersigned made the parties aware that while he believed a continuance was warranted due to the to large amount of discovery, he had concerns about whether or not Mr. Knoot would sign a speedy trial waiver. On March 6, undersigned contacted the Court and the Government via email and made them aware that Mr. Knoot was not willing to sign a speedy trial waiver.

Nearly a month later, on April 1, 2025, Mr. Knoot filed a motion to suppress. (D.E. 48) The government responded on April 22 (D.E. 52) and Mr. Knoot filed his reply to that response on April 28, 2025 (D.E. 55). On May 6, the Court ordered both parties to file additional briefing related to the motion to suppress (D.E. 56). In large part to this order, the defense team met and

1

discussed with Mr. Knoot the importance of continuing the case to allow the defense team to focus on the additional briefing ordered by the Court. The defense team had also planned to file additional pretrial motions but needed more time to review related discovery.

On May 8, counsel contacted attorneys for the Government and asked if they objected to a continuance. The Government responded that it would object to a continuance of the June trial date. At that point, no expert disclosures had been made, nor were any due.

On the next day, Mr. Knoot filed a motion to continue trial *and all related deadlines*. (D.E. 58). The Government filed a notice of expert testimony on that same day. The Government filed its opposition to a continuance request on May 13. (D.E. 64). The Court granted Mr. Knoot's motion and set a new trial date for August 12 along with accompanying trial deadlines. (D.E. 70). Based on the new trial date, Mr. Knoot's discovery disclosure was July 15, 2025.

Importantly, one concern the Court noted in its decision to grant the motion was the Government's representation that there was at least a possibility that more discovery could be produced. (See *Id.*) The Government has previously claimed that it did not anticipate production of further discovery. (See D.E. 69, PageID# 359). Since that time, six additional batches of discovery have been produced to the defense on or around the following dates: May 26, June 25, July 16, July 25, July 29, and as recent as August 8, 2025.

Based in large part on a review of electronic discovery, on June 26, undersigned emailed Mr. Nicosia to request extraction reports from any of the victim laptops. Mr. Nicosia confirmed that undersigned was looking for the images of the *victim company laptops* and on the same day, informed undersigned that the FBI had two victim laptops in its possession and that the "FBI would begin making copies of both". On June 27, Mr. Nicosia informed counsel that the "FBI anticipates completing the imaging by next Tuesday or Wednesday" and that the hard drives would be

2

available for pickup at the FBI's Nashville office or U.S. Attorney's office. Based on these conversations, undersigned expected to receive copies of the imaging of the victim laptops.

Undersigned learned later that day via telephone conversation with Mr. Nicosia that, contrary to what he was previously told, imaging of the victim laptops did not exist and that the only imaging available was for Mr. Knoot's personal laptop.

Prior to this, undersigned had been considering possible expert witnesses. When undersigned learned that there was no imaging of the victim computers, the expert search was narrowed specifically to computer science/engineering experts. Undersigned contracted Luis Castrillon on July 10, 2025 to provide expert services. At that point, based on the Court's prior trial order (D.E. 70), the deadline to provide notice of an expert witness was July 15, 2025 (four weeks prior to the August 12th trial date).

On July 31, the Court granted Mr. Knoot's motion to continue and ordered Mr. Knoot to file late notice of expert on the same day. (D.E. 98) Mr. Knoot filed that disclosure on the same day. (D.E. 99)

II. **DISCUSSION**

The court should deny the Government's motion because there was no bad faith in filing the disclosure late and more importantly, there is no prejudice. In determining the appropriate sanction for a Rule 16 violation, the Sixth Circuit considers: (1) the reason for the delay, including whether the non-compliant party acted in bad faith; (2) the extent of prejudice to the party that sought the disclosure; and (3) whether the prejudice can be cured with a less severe course of action such as granting a continuance or recess. *United States v. Davis*, 514 F.3d 596, 611 (6th Cir. 2008), Exclusion of expert testimony as a sanction "is almost never imposed in the absence of a constitutional violation or statutory authority for such exclusion." *United States v. Charley*, 189

F.3d 1251, 1261 (10th Cir. 1999). Courts should impose "the least severe remedy available to cure prejudice" where a potential Rule 16 violation has occurred. *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995).

First, counsel was not dilatory in seeking an expert, nor did counsel wait to find an expert to circumvent the disclosure deadline. Rather, counsel's decision to seek a computer science/engineering expert was largely based on the Government's eleventh-hour disclosure that it did not have images of the victim laptops.

The Government makes this contention while ignoring the fact that undersigned requested the last continuance due to the Government's late disclosure of relevant evidence – four of which were disclosed after the expert disclosure deadline had passed. Those four disclosures contained pertinent evidence related to the victim companies – evidence that the Government will surely use in its case-in-chief. Those disclosures also contained evidence that the defense team plans to review with its expert. The largest of the late disclosures was provided to the defense more than a week after the continuance was granted. Unlike the Government, before counsel had even received that disclosure, counsel requested a continuance to be able to review the previous late disclosures rather than request exclusion of the evidence. This is what the Courts prefer over exclusion of testimony/evidence. (Many courts have adopted the position of favoring imposition of the least severe remedy available to cure prejudice.) See *United States v. Bartle*, 835 F.2d 646 (6th Cir. 1987); *United States v. Dennison*, 891 F.2d 255 (10th Cir. 1989), cert. denied, 496 U.S. 937, 110 L. Ed. 2d 663, 110 S. Ct. 3215 (1990); *United States v. Bentley*, 875 F.2d 1114, 1118 (5th Cir. 1989). *Maples*, 60 F.3d 244, 247.

Second, the Government cannot show that it will suffer any prejudice from the late disclosure. As of the date of this filing, the trial is scheduled to take place in approximately eight

4

weeks. This time frame represents more time than each side would have originally been required to disclose expert witness testimony in the first place. The Government contends that the defense "has placed the United States in the untenable position of having to wait and see whether the defense expert will submit a report, evaluate that report if and when it is produced, and then determine whether to retain its own expert to rebut the anticipated testimony—all on the eve of trial or potentially during it". (See D.E. 101, PageID# 504). That contention is folly.

The Government has not produced reports by any of its expert witnesses to the defense. The defense would have the same issue the Government claims it has as it relates to being able to review expert reports prior to trial. *If* the defense has an expert report to submit to the Government, eight weeks is enough time to review and prepare for any rebuttal testimony. Likewise, eight weeks is enough time for the defense to review any reports provided by the Government. The Government has not provided any other cure for the alleged "prejudice" it suffered. It only requests complete exclusion of expert testimony.

The Sixth Circuit's decision in *U.S. v. Bartle* is informative on this issue. In *Bartle*, circuit upheld the lower court's decision to admit late-disclosed evidence offered by the Government. 835 F.2d at 650. The Court first found no evidence of deceitful conduct on the Government's part as the Government was able to show that there was it had not acted in bad faith. *Id*. The Court also found that the defendant offered the district court no other option in dealing with the late disclosure but the most severe one -- suppression." *Id*. In allowing admission of the late-disclosed evidence, the Court noted that Rule 16(d)(2) provided "a variety of remedies that optimally allow the admission of the probative evidence while insuring that the opposing party has adequate time to prepare for it." *Id*. One of those remedies is a continuance.

Here, the Government has neither offered evidence of the defense acting in bad faith, nor has it offered evidence that it will be prejudiced by the late disclosure. As such, the Court should deny the Government's motion.

III. <u>**CONCLUSION**</u>

For the foregoing reasons, Mr. Knoot respectfully requests this Court deny the Government's motion to exclude expert testimony.

Respectfully submitted,

s/ *David Fletcher*
DAVID FLETCHER
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, Tennessee 37203
615-695-6951
David_fletcher@fd.org

Attorney for Matthew Knoot

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2025, I electronically filed the foregoing *Response to Government's Motion to Exclude Expert Testimony* with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Joshua A. Kurtzman, Assistant United States Attorney, 719 Church Street, Suite 3300, Nashville, Tennessee, 37203.

s/ *David Fletcher*
DAVID FLETCHER