IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | NO. | 3:24-cr-00151 |
| v. | ) | | |
| | ) | JUDGE RICHARDSON | |
| MATTHEW ISAAC KNOOT | ) | | |

**UNITED STATES' REPLY IN SUPPORT OF ITS
MOTION TO EXCLUDE PROPOSED DEFENSE EXPERT**

Nowhere in defendant's response to United States' motion does he attempt to explain or justify why his notice of expert testimony was filed more than two weeks after the expert disclosure deadline and almost three months after the United States disclosed its experts. Instead, defendant's response attempts to redirect the Court's attention to alleged "late" and "eleventh-hour disclosure[s]" of discovery by the Government. (DE 106 at 4.) These arguments are unpersuasive and offer no basis for the lateness of his disclosure. Accordingly, the United States respectfully submits that the defendant's expert witness should be excluded.

**I.    Defendant Has No Reason for the Delay**

Defendant argues that the applicable standard for determining a Rule 16 violation has three prongs: (1) the reason for the delay, including whether the non-compliant party acted intentionally or in bad faith; (2) the extent of prejudice to the party that sought the disclosure; and (3) whether the prejudice can be cured with a less severe course of action. (DE 106 at 3 *citing United States v. Davis*, 514 F.3d 596, 611 (6th Cir. 2008).) As it relates to the first prong, again, defendant's brief is silent on the reason for the untimely disclosure. The defendant has known since August 8, 2023 that the government was in possession of (1) his personal desktop computer; (2) a victim company laptop belonging to Company B that was seized during the search of his home that he admitted to knowing belonged to Company B; and (3) a victim company laptop belonging to Company C that

1

the FBI disclosed was in its possession during Special Agent's Rousseau's on-scene interview of the defendant. Beyond defendant's direct personal knowledge of the foregoing, this information was memorialized in an FD-302 of the interview, which was provided to the defendant on or about August 14, 2024.

Defendant makes much of the fact that the government incorrectly asserted that *images* of the Victim Company B and C laptops existed. The government concedes that misstated that it had images of those devices when only the devices themselves existed. But, this is no way inhibited the defendant from preparing his defense. The format in which this evidence was stored—a forensic image or a physical device available for inspection—is immaterial. A forensic image is an identical, bit-by-bit copy of information from a target device that preserves the original data's integrity and completeness. Therefore, the existence of the device itself is arguably the same as, *if not better than*, a forensic image, and the government's miscommunication cannot serve as the basis for defendant's late disclosure.[1] Moreover, it does not comport with defendant's own assertions. In March 2025, defendant, through counsel, made it clear that he was prepared for trial in June 2025. Thus, it appears the defendant knew what evidence existed and intentionally chose not to file an expert witness disclosure, even though he could have easily done so in compliance with both Rule 16(b)(1)(C) and the Court's Scheduling Order.

## II. The Government is Prejudiced by Defendant's Late Disclosure and Exclusion is the Appropriate Remedy

The second prong of the analysis relates to the extent of prejudice caused to the party seeking the disclosure. *Davis*, 514 F.3d at 611. Rule 16 was specifically amended in 2022 to prevent just this sort of opportunistic disclosure. The plain text of Rule 16 requires disclosure of

---

[1] Defendant's attempt to rely on this miscommunication as justification for his late disclosure is belied by the fact that as of this filing he has <u>not</u> yet scheduled a date to inspect the victim company laptops.

all defense expert opinions and bases "sufficiently before trial" in order "to provide a fair opportunity for the government to meet the defendant's evidence." Fed. R. Crim. P. 16(b)(1)(C)(ii). This requirement was put in place in order to create an "*enforceable* deadline for disclosure." Fed. R. Crim. P. 16, Advisory Committee Notes to 2022 Amendments (emphasis added). As the Advisory Committee emphasized, the purpose of timely pretrial disclosure is "to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." *Id*. Here, the United States has been prepared for trial since June 2025, so an unanticipated late disclosure is certainly prejudicial. Moreover, it remains unclear what Mr. Castrillon's testimony adds to defendant's defense. While the United States bears the burden of proving its case beyond a reasonable doubt, the defense has no similar obligation. Presumably if defendant believed the Government failed to appropriately collect, examine, or preserve the digital evidence, he would have so stated in a motion to suppress or other pretrial motion, rather than through expert witness testimony. This leads the United States to wonder what precisely Mr. Castrillon will testify about, beyond potentially serving as a conduit for self-serving statements by the defendant or other inadmissible information.

      The final prong of the analysis relates to what remedy is appropriate. *Davis*, 514 F.3d at 611. Here, excluding Mr. Castrillon from testifying is both appropriate and consistent with Sixth Circuit precedent. The Sixth Circuit has recognized, based on Supreme Court precedent, that exclusion is a proper sanction for a criminal defendant's willful discovery violations. *United States v. Lang*, 717 F. App'x 523, 537 (6th Cir. 2017) (citing *Taylor v. Illinois*, 484 U.S. 400, 410-16 (1988)). A criminal defendant's "right to call witnesses in his favor does not include the right to ambush the government with them" by failing to comply with Federal Rule of Evidence 702's expert-witness disclosure requirements. *Id*. at 537 (6th Cir. 2017) (citing *Taylor*, 484 U.S. at 410-

16). Thus, defendant is not entitled to put on expert witness testimony without complying with Rule 16(b)(1)(C).

Contrary to defendant's assertion that exclusion of expert testimony "'is almost never imposed in the absence of a constitutional violation or statutory authority for such exclusion,'" (DE 106 3-4 (internal citation omitted)) "courts may constitutionally preclude defendants from offering otherwise relevant evidence if they fail to comply with procedural rules that require notice to be given." *United States v. Frazier*, 387 F.3d 1244, 1271 (11th Cir. 2004) (collecting Supreme Court cases). As argued in the United States' motion, the Sixth Circuit has upheld a district court's decision to bar a defendant's expert witnesses from testifying, where the defendant failed to comply with Rule 16(b)(1)(C)(ii)'s notice requirements for those witnesses. *Lang,* 717 F. App'x at 537-38; *accord United States v. Bauer*, 82 F.4th 522, 535 (6th Cir. 2023) (holding the district court did not abuse its discretion by excluding defense experts for failure to comply with Rule 16, where the defense witnesses were disclosed *after* the disclosure deadline but *before* trial.); *United States v. Moya,* 5 F.4th 1168, 1195 (10th Cir. 2021), *cert. denied,* 211 L. Ed. 2d 205 (Oct. 12, 2021) (concluding that the district court did not abuse its direction by excluding the defendant's expert witness "as a Rule 16 discovery sanction").

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court exclude Mr. Castrillon's testimony.

Respectfully submitted,

ROBERT E. MCGUIRE
Acting United States Attorney for the
Middle District of Tennessee

*/s/ Gregory Jon Nicosia, Jr*.
GREGORY JON NICOSIA, JR.
D.C. Bar No. 1033923
Trial Attorney
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 353-4273
Gregory.Nicosia@usdoj.gov

*/s/ Joshua A. Kurtzman*
JOSHUA A. KURTZMAN
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: 615-736-5151

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2025, I electronically filed one copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for all defendants in this case.

*/s/ Gregory Jon Nicosia, Jr.*
GREGORY JON NICOSIA, JR.
Trial Attorney
National Security Division