# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) Case No. 3:24-CR-00151 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| **MATTHEW ISAAC KNOOT** | ) |

## MOTION TO SET HEARING ON COMPANY A'S ANONYMITY MOTION

Company A moved to assert its rights under the Crime Victims' Rights Act and remain anonymous at trial. The defendant's response deadline under Local Rule 12.01(c)(2) passed without opposition. If the Court believes a hearing would be helpful, Company A respectfully requests one; otherwise, Company A writes to advise the Court that the motion is ready for a decision on the papers.

As alleged in the indictment, Company A is a U.S.-based company that was targeted by the Democratic People's Republic of North Korea's scheme to embed remote information-technology workers in American businesses. Company A uncovered the scheme during an internal investigation and reported the incident to the FBI. Company A's report helped lead to an indictment against the defendant.

On August 15, 2025, Company A moved to remain fully anonymous at trial. (Dkt. 105.) Before filing, counsel for the defendant indicated that the defendant planned to oppose the motion for reasons previously articulated to the government. Local Criminal Rule 12.01(c)(2) requires any party opposing a motion to "file a memorandum of law in response not later than fourteen (14) days after service of the motion, unless otherwise ordered by the Court." A full month has now passed since

Company A filed its motion, and pretrial proceedings will begin in only two weeks, yet the defendant has not responded. Counsel for Company A has attempted to contact defense counsel by email and telephone to determine whether the defendant intends to file a written opposition. *See* LCrR 12.02(d) (requiring moving counsel to confer with opposing counsel "in a good faith effort to resolve by agreement the subject matter of the motion"). Counsel for Company A has not received a response.

Because the time allowed under Rule 12.01(c)(2) has expired and defense counsel has not responded to Company A's outreach, it appears that the defendant does not intend to respond to Company A's motion. Accordingly, Company A now writes to alert the Court that its anonymity motion is ready for the Court's consideration, whether on the papers or at hearing, as the Court deems appropriate.[1]

Date: September 16, 2025

Respectfully submitted,

*/s/ Edward J. Canter*

J. Alex Little (TN BPR #29858)
Zachary C. Lawson (TN BPR #36092)
Edward J. Canter (NY #5345236)
Litson PLLC
54 Music Square E, Suite 300
Nashville, Tennessee 37203
Tel: (615) 985-8205
alex@litson.co
zack@litson.co
ted@litson.co

*Attorneys for Company A*

---

[1] If the Court wishes to schedule a hearing, counsel for Company A respectfully advises that it has a scheduling conflict Tuesday through Thursday of this week.

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing on September 16, 2025, using the Court's CM/ECF system, which served the document on all parties to the case.

          */s/ Edward J. Canter*
          Edward J. Canter