UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Case No. 3:24-cr-00151 |
| | ) | |
| MATTHEW ISAAC KNOOT | ) | JUDGE RICHARDSON |

**ORDER**

On July 18, 2025, the parties filed a stipulation (Doc. No. 82-1, "Stipulation") to resolve issues concerning the protection, and disclosure, of the identities of the companies alleged to have been victimized via the crimes alleged in the Indictment, and such companies representatives' who testify at trial. The Court has stated that it intends to honor the Stipulation. (Doc. No. 84). The Stipulation provides, in pertinent part, as follows:

> 5. Prior to trial, the Government will provide a key indicating the witnesses' true name and affiliation, along with their respective pseudonym, to the Court and Counsel for the Defendant. For example, "Company X = Made Up Corp., and Company's X's representative = Ms. Anon Y. Mous." This document shall not be filed on the public docket, kept in strict confidence, and remain in the Courthouse. Any violation of this Stipulation, as determined by the Court, will require, in addition to any other sanction deemed appropriate by the Court, the immediate redaction of the individual victim or Victim Companies' name from the trial transcript; [and]
>
> 6. The same key will be provided to the jury during the pendency of trial and during its deliberations. At the end of each day of trial, the Court will collect the key from all parties and maintain it in strict confidence for the duration of the trial[.]

(Doc. No. 82-1 at 2-3).

Now pending before the Court is "Company A's Motion . . . to Remain Fully Anonymous at Trial" (Doc. No. 105, "Substantive Motion"), which was filed on August 15 by "Company A,"

the anonymized name of one of the victims of crimes alleged in the pending Indictment. Via the Substantive Motion, Company A "objects to [the Stipulation to the extent that it contemplates] providing *the jury* with names, testimony, exhibits, or other information that would allow them to identify Company A or its representatives."[1] (Doc. No. 105 at 1) (emphasis added). Company A also has filed a proposed order to this effect. (Doc. No. 105-1). Company A thus requests that the Court "enter an order allowing Company A and its witnesses to testify pseudonymously without providing any key to the jury and requiring all exhibits and other documents or materials presented to the jury to redact names and other personally identifying information that would allow the jurors or trial observers to identify Company A or its witnesses." (*Id.* at 14). Company A represents that the Government "takes no position on the relief requested in [the Substantive Motion]." (*Id.* at 1). Defendant has not responded to the Substantive Motion.

Also pending before the Court is Company A's motion to set a hearing on the Substantive Motion (Doc. No. 110, "Motion for Hearing"), wherein Company A notes Defendant's lack of response to the Substantive Motion and, in essence, requests that the Court promptly either (i) decide the Substantive Motion "on the papers,"[2] or (ii) set a hearing on the Substantive Motion should the Court deem one necessary. (Doc. No. 110 at 1).

The parties at their option may respond to the Motion for Hearing by September 23, 2025. Unless the Court discerns for any such response that there is an objection to the entry of the

---

[1] Company A does not otherwise object to the Stipulation. (Doc. No. 105 at 3).
[2] Here, the applicable papers are only the Substantive Motion, which includes an incorporated supporting memorandum, and the proposed order filed therewith.

proposed order filed by Company A, the Court may enter that order just as it has been proposed.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE