IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:24-CR-00151 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| MATTHEW ISAAC KNOOT | ) | |

**OBJECTION OF THE UNITED STATES**
**TO THE PRESENTENCE INVESTIGATION REPORT**

Comes now the United States of America, by and through the undersigned United States Department of Justice Trial Attorney, Gregory J. Nicosia, Jr., and in compliance with LCrR 32.01(c), submits the position of the United States in this case with respect to the Presentence Investigation Report (the "PSR"). The United States agrees with the PSR's findings and recommendations, with one exception. Specifically, the PSR guidelines calculation should have included a four-level enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2B1.1(b)(19)(A)(ii) because the defendant was convicted of an offense under 18 U.S.C. § 1030(a)(5)(A). Under the U.S.S.G.'s General Application Principles, courts should apply enhancements based on a defendant's conviction under a particular statute where, as here, the defendant was convicted of conspiracy to violate that statute. *See* U.S.S.G. § 1B1.3, Application Notes, n.7. The United States acknowledges conflicting case law in the Sixth Circuit and elsewhere, described below, regarding the application of this and similar conviction-based enhancements, and believes a plain reading of Application Note 7 requires the application of a four-level enhancement in this case because the determination of the offense level includes instances in which the defendant was convicted of conspiracy.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of defendants' participation in a scheme from approximately July 2022 through August 2023 to obtain remote information technology ("IT") work for overseas IT workers with at least five U.S. companies by, among other means, receiving and hosting laptop computers issued by the companies to "Andrew M." at the defendant's Nashville, Tennessee residences. (DE #119 at ¶ 7.) The defendant received and hosted the laptop computers for the purposes of deceiving the victim companies into believing the work was being performed in the United States. (*Id.*) Following receipt of the laptops, and without authorization from the victim companies, the defendant logged on to the laptops, downloaded and installed remote desktop applications, and accessed, without authorization, the victim companies' networks. (*Id.*)

On August 7, 2024, a Grand Jury in the Middle District of Tennessee returned a six-count indictment charging the defendant in Count One with Conspiracy to Damage Protected Computers, in violation of Title 18, United States Code, Section 371; Count Two with Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(h); Count Three with Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349; Count Four with Intentional Damage to a Protected Computer, in violation of Title 18, United States Code, Sections 1030(a)(5)(A), (c)(4)(B), and (c)(4)(A)(i)(I); Count Five with Aggravated Identity Theft, in violation of Title 18, United States Code, Sections 1028(a)(1) and 2; and Count Six with Conspiracy to Cause the Unlawful Employment of Aliens, in violation of Title 18, United States Code, Section 371.[1] (DE # 3.)

On September 29, 2025, the defendant entered a voluntary plea of guilty to Count One of the Indictment (Conspiracy to Damage Protected Computers) pursuant to a plea agreement with

---

[1] On July 22, 2025, the Court granted defendant's Motion to Dismiss as to Count Six of the Indictment. (DE # 88).

the United States. (DE # 119.) In the plea agreement, the United States proposed an advisory sentencing guidelines range that, among other things, included a four-level enhancement because the defendant was convicted of an offense under 18 U.S.C. § 1030(a)(5)(A), pursuant to § 2B1.1(b)(19)(A)(ii). (*Id.* at ¶ 12(a)(ii)(4).)

On December 30, 2025, the United States Probation Office ("Probation Office") issued a PSR in which it determined the defendant's advisory guidelines range, including applicable enhancements. (PSR, at ¶¶ 49-58.) The Probation Office's calculation of the advisory guidelines range matches the United States' calculation, *except* that the Probation Office did not include the four-level enhancement, pursuant to § 2B1.1(b)(19)(A)(ii), which is the subject of this objection. The United States has notified the Probation Office and the defendant of its position.

## ARGUMENT

The defendant pled guilty to Count One of the Indictment, which charged Conspiracy to Cause Damage to Protected Computers in violation of Title 18, United States Code, Section 371. (DE # 119.) The object of the conspiracy was to cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to protected computers, resulting in loss to one or more persons during a one-year period, and loss and resulting from a related course of conduct affecting one or more other protected computers aggregating at least $5,000 in value, in violation of Title 18, United States Code, Sections 1030(a)(5)(A), 1030(c)(4)(B), and 1030(c)(4)(A)(i)(I). (DE # 3 at ¶ 14a.)

For conspiracy offenses, the U.S.S.G. directs the Court to calculate "[t]he base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." U.S.S.G. § 2X1.1(a). Application Note 2 of Section 2X1.1 defines "substantive offense" as "the offense that

the defendant was convicted of . . . conspiring to commit" and further states "the only specific offense characteristics from the guideline for the substantive offense that apply are those that are determined to have been specifically intended or actually occurred." U.S.S.G. § 2X1.1, Application Notes, n.2. Pursuant to the guidance provided by § 2X1.1, the defendant's base offense level and specific offense characteristic adjustments should be calculated under § 2B1.1, which governs violations of Title 18, United States Code, Sections 1030(a)(5)(A). Among the specific offense characteristic adjustments is subsection 2B1.1(b)(19)(A)(ii), which instructs district courts to apply a four-level enhancement "[i]f the defendant was convicted of an offense under[] . . . 18 U.S.C. § 1030(a)(5)(A)." Here, the defendant pleaded guilty to conspiracy to violate § 1030(a)(5)(A), and a violation of this statue was "intended offense conduct that can be established with reasonable certainty." § 2X1.1(a).

The U.S.S.G.'s General Principles support application of this adjustment. Section 1B1.3 provides that specific offense characteristics, among other things, shall be determined on the basis of "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A). The defendant has admitted to conduct causing damage protected computers, and this conduct should be considered among his other acts when determining his guidelines sentencing range. (*See* DE # 119, at ¶¶ 6-7).

Subsection 2B1.1(b)(19)(A)(ii) applies even though the defendant did not plead to a substantive violation of 18 U.S.C. § 1030(a)(5)(A). Application Note 7 to § 1B1.3 describes the interplay between guidelines describing a conviction under a particular statute and guidelines for a conspiracy conviction:

> A particular guideline (in the base offense level or in a specific offense characteristic) may expressly direct that a particular factor be applied only if the defendant was convicted of a particular statute. For example, in §2S1.1 (Laundering of Monetary Instruments; Engaging in Monetary Transactions in Property Derived

4

> from Unlawful Activity), subsection (b)(2)(B) applies if the defendant "was convicted under 18 U.S.C. § 1956". Unless such an express direction is included, conviction under the statute is not required. Thus, use of a statutory reference to describe a particular set of circumstances does not require a conviction under the referenced statute. An example of this usage is found in §2A3.4(a)(2) ("if the offense involved conduct described in 18 U.S.C. § 2242").
>
> Unless otherwise specified, *an express direction to apply a particular factor only if the defendant was convicted of a particular statute includes the determination of the offense level where the defendant was convicted of conspiracy*, attempt, solicitation, aiding or abetting, accessory after the fact, or misprision of felony *in respect to that particular statute*. For example, §2S1.1(b)(2)(B) (which is applicable only if the defendant is convicted under 18 U.S.C. § 1956) would be applied in determining the offense level under §2X3.1 (Accessory After the Fact) in a case in which the defendant was convicted of accessory after the fact to a violation of 18 U.S.C. § 1956 but would not be applied in a case in which the defendant is convicted of a conspiracy under 18 U.S.C. § 1956(h) and the sole object of that conspiracy was to commit an offense set forth in 18 U.S.C. § 1957. *See* Application Note 3(C) of §2S1.1.

U.S.S.G. § 1B1.3, Application Notes, n.7 (emphasis added). A plain reading of the above Application Note *requires* the application of a four-level enhancement in this case, pursuant to U.S.S.G. § 2B1.1(b)(19)(A)(ii), because the determination of the offense level includes instances in which the defendant was convicted of conspiracy. *See id.* Here, the enhancement applies because the defendant pled guilty to Conspiracy to Cause Damage to Protected Computers.

Courts in the Third Circuit have held that an enhancement requiring conviction under a particular statute applies when the defendant was convicted of conspiracy to violate that particular statute. In *United States v. Ojiri*, the district court was presented with whether to apply a two-level enhancement that required a conviction under 18 U.S.C. § 1956, where the defendant pled guilty to conspiracy to commit mail fraud, wire fraud and money laundering under 18 U.S.C. § 371. No. 1:11-CR-192, 2012 WL 1144648, at *1 (M.D. Pa. Apr. 5, 2012). There, the court applied a two-level enhancement requiring a conviction under 18 U.S.C. § 1956 based on § 1B1.3. *Id.* at *2. The court reasoned that "the general application principles of the Sentencing Guidelines, indicates that

5

the enhancement applies to defendants convicted of conspiracy to commit the identified statute, in this case money laundering." *Id.*

The *Ojiri* court recognized the district court in *United States v. Kassim*, Crim. No. 1:09–CR–356, reached the opposite conclusion. *Id.* at *3 (noting that the court in *Kassim* refused to apply the same enhancement because the application note "appeared somewhat contradictory to the second paragraph. . . the first paragraph states that a conviction under the statute is required to apply the enhancement, the second paragraph indicates that a conviction under the statute is not required to apply the enhancement if the defendant has been convicted of conspiracy to violate the statute."). The Third Circuit, however, rejected *Kassim*'s decision on appeal. The circuit court found "no ambiguity in the language of [the] Application Note" and held the Application Note "plainly states that when an enhancement requires conviction of a certain statute, such requirement is satisfied "where the defendant was convicted of conspiracy" to violate "that particular statute." *United States v. Ugoh*, 537 F. App'x 126, 129 (3d Cir. 2013). As relevant to the case *sub judice*, the Third Circuit continued:

> It is of no significance that, for purposes of an entry of judgment, the defendants were technically convicted of conspiracy pursuant to 18 U.S.C. § 371. Section 371 is the general federal conspiracy statute which makes it illegal to "conspire ... to commit any offense against the United States." 18 U.S.C. § 371. Count I of the indictment—which charges the defendants with conspiracy under 18 U.S.C. § 371—explicitly references 18 U.S.C. § 1956 when setting out "laundering of monetary instruments" as one of the "offenses" that the defendants conspired to commit. *See* Indictment, Count I, ¶ 9. The defendants pled guilty to this count, and therefore, for purposes of the Sentencing Guidelines, are deemed to have been convicted of conspiring to violate 18 U.S.C. § 1956.
>
> As plainly demonstrated by the text of Application Note 6, the Sentencing Commission intended the two-level enhancement under U.S.S.G. § 2S1.1(b)(2)(B) to apply where a defendant has been convicted of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956. [The defendants] were each so convicted, and thus the District Court erred by rejecting the United States' request to apply § 2S1.1(b)(2)(B)'s two-level enhancement to their sentences.

6

Case 3:24-cr-00151    Document 123    Filed 01/13/26    Page 6 of 10 PageID #: 716

*Id*. at 130.

By contrast, in *United States v. Nicolescu*, the Sixth Circuit examined a factually identical case to the instant case and concluded that the four-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(19)(A)(ii) did not apply. 17 F.4th 706, 730 (6th Cir. 2021). The United States respectfully submits that *Nicolescu* is not precedential because it did not clearly "consider[] the issue and consciously reach[] a conclusion about it." *Wright v. Spaulding*, 939 F.3d 695, 702 (6th Cir. 2019) (discussing the three principles for a court's conclusion to be considered part of its holding).

Defendants Nicolescu and Miclaus were convicted of, among other things, conspiracy under 18 U.S.C. § 371, where one of three objects was to intentionally cause damage to a protected computer without authorization, in violation of 18 U.S.C. § 1030(a)(5)(A). *Nicolescu*, 17 F.4th at 730. At sentencing, the district court calculated the defendants' advisory guidelines range and added four levels under U.S.S.G. § 2B1.1(b)(19)(A)(ii) for having been convicted of an offense under 18 U.S.C. § 1030(a)(5)(A). *Id*. at 714. On appeal, Miclaus argued the four-level enhancement did not apply because he was not convicted under 18 U.S.C. § 1030(a)(5)(A). Br. of Appellant Radu Miclaus, 2020 WL 4354421, at *30, *Nicolescu*, 7 F.4th 706 (6th Cir. 2021).

In its brief, the government conceded that the district court incorrectly applied U.S.S.G. § 2B1.1(b)(19)(A)(ii). Br. of Plaintiff-Appellee, 2020 WL 6265001, at *63-64, *Nicolescu*, 7 F.4th 706 (6th Cir. 2021). Without referencing the persuasive commentary of the second paragraph of Application Note 7 to § 1B1.3, the government observed the following based on the language of the first paragraph of Note 7:

> The express limitation in Section 2B1.1(b)(19)(A)(ii) - that the defendant be "convicted of an offense under" 18 U.S.C. § 1030(a)(5)(A) - is significant because the Guidelines explain that some Guidelines "may expressly direct that a particular factor be applied only if the defendant was convicted of a particular statute.

7

> U.S.S.G. § 1B1.3, Applic. n.7. When such express direction is included, there must be a "conviction" under the specific section for the Guideline to apply; when such an express direction is not included, however, "conviction under the statute is not required" and instead factual conduct satisfying a referenced statute will suffice. *Id*. Since Section 2B1.1(b)(19)(A)(ii) contains an "express direction" requiring an actual conviction under a particular statute, i.e., 18 U.S.C. § 1030(a)(5)(A), instead of conduct that would otherwise establish a violation of this statute, and since Appellants were convicted instead of conspiring to violate Section 1030(a)(5)(A), the enhancement does not apply to them.

*Id.*

Relying on this concession of error, the Sixth Circuit concluded the "district court erred in applying a four-level enhancement under § 2B1.1(b)(19)(A)(ii) because Nicolescu and Miclaus were not convicted of an offense under § 1030(a)(5)(A)." *Nicolescu*, 7 F.4th at 730. The circuit court provided no further reasoning for its conclusion.

As noted above, the second paragraph of Section 1B1.3, Application Note 7, states that "an express direction to apply a particular factor only if the defendant was convicted of a particular statute *includes* the determination of the offense level where the defendant was *convicted of conspiracy* . . . in respect to that particular statute." U.S.S.G. § 1B1.3, comment. (n.7) (emphasis added). It is unclear why this provision was not raised by the government or addressed by the circuit court in *Nicolescu*. Because the government conceded error for purposes of that appeal, the circuit court's adoption of defendant Miclaus's argument should not be considered a precedential decision on the merits of the application of § 2B1.1(b)(19)(A)(ii) to a conspiracy conviction. A plain reading of the U.S.S.G. text yields a different outcome.

8

## **CONCLUSION**

Based on the foregoing, the United States respectfully submits this objection to the PSR's failure to include a four-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(19)(A)(ii).

Respectfully submitted,

JOHN A. EISENBERG
Assistant Attorney General
National Security Division

By:    *s/ Gregory Jon Nicosia, Jr.*
GREGORY JON NICOSIA, JR.
D.C. Bar No. 1033923
Trial Attorney
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 353-4273
Gregory.Nicosia@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that the above document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). I further certify that the above document was emailed to the United States Probation Office.

Date: January 13, 2026

*/s/ Gregory Jon Nicosia, Jr.*
GREGORY JON NICOSIA, JR.
Trial Attorney
National Security Division