**ORDER**
The Motion (Doc. No. 105) is DENIED as moot.

*Eli Richardson*

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **NO. 3:24-CR-00151** |
| **v.** | ) | |
| | ) | **JUDGE RICHARDSON** |
| **MATTHEW ISAAC KNOOT** | ) | |

**COMPANY A'S MOTION AND MEMORANDUM OF LAW
TO REMAIN FULLY ANONYMOUS AT TRIAL**

Comes now Company A,[1] by and through undersigned counsel, and moves for the sole, limited purpose[2] of asserting its rights under the Crime Victims Rights Act, 18 U.S.C. § 3771 ("CVRA,"). Company A objects to certain aspects of the trial procedure proposed in a recent stipulation ("Stipulation," Dkt. 82-1) between the United States and defendant Matthew Isaac Knoot ("Knoot"). Anonymity is crucial for Company A and its witnesses in this case based on concerns that it will be targeted by the Democratic People's Republic of Korea ("North Korea") for further attacks on its computer systems. Company A therefore respectfully objects to providing the jury with names, testimony, exhibits, or other information that would allow them to identify Company A or its representatives. The United States takes no position on the relief requested in this motion, while Knoot is opposed. In support, Company A would show the following:

**BACKGROUND**

As the Court is aware, this case began with an investigation conducted by the Federal Bureau of Investigation ("FBI") into Knoot's involvement in a North Korean scheme to embed IT

---

[1] Company A is identified in the Indictment. Dkt. 3, ¶ 10.a. Company A refers to itself pseudonymously in light of the relief requested herein.

[2] Apart from protecting its anonymity, Company A has no other interest in this case, which it leaves to the parties and the Court to litigate and decide.