**ORDER**
The Motion (Doc. No. 110) is DENIED as moot.
*Eli Richardson*

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Case No. 3:24-CR-00151** |
| **v.** | ) | |
| | ) | **JUDGE RICHARDSON** |
| **MATTHEW ISAAC KNOOT** | ) | |

## MOTION TO SET HEARING ON COMPANY A'S ANONYMITY MOTION

Company A moved to assert its rights under the Crime Victims' Rights Act and remain anonymous at trial. The defendant's response deadline under Local Rule 12.01(c)(2) passed without opposition. If the Court believes a hearing would be helpful, Company A respectfully requests one; otherwise, Company A writes to advise the Court that the motion is ready for a decision on the papers.

As alleged in the indictment, Company A is a U.S.-based company that was targeted by the Democratic People's Republic of North Korea's scheme to embed remote information-technology workers in American businesses. Company A uncovered the scheme during an internal investigation and reported the incident to the FBI. Company A's report helped lead to an indictment against the defendant.

On August 15, 2025, Company A moved to remain fully anonymous at trial. (Dkt. 105.) Before filing, counsel for the defendant indicated that the defendant planned to oppose the motion for reasons previously articulated to the government. Local Criminal Rule 12.01(c)(2) requires any party opposing a motion to "file a memorandum of law in response not later than fourteen (14) days after service of the motion, unless otherwise ordered by the Court." A full month has now passed since