IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:24-CR-00151 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| MATTHEW ISAAC KNOOT | ) | |

**UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)**

Comes now the United States of America, by and through the undersigned United States Department of Justice Trial Attorney, Gregory J. Nicosia, Jr., and respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), 18 U.S.C. § 1030(i), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1), and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1.      On August 7, 2024, a grand jury indicted the defendant with Conspiracy to Damage Protected Computers, in violation of Title 18, United States Code, Section 371 (Count One); Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two); Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349 (Count Three); Intentional Damage to a Protected Computer, in violation of Title 18, United States Code, Sections 1030(a)(5)(A), (c)(4)(B), and (c)(4)(A)(i)(I) (Count Four); Aggravated Identity Theft, in violation of Title 18, United States Code, Sections 1028(a)(1) and 2 (Count Five); and Conspiracy to Cause the Unlawful Employment of Aliens, in violation of Title 18, United States Code, Section 371 (Count Six).  (DE # 3.) On July 22, 2025, the Court granted defendant's Motion to Dismiss as to Count Six of the indictment. (DE # 88.)

2.      The Indictment also included a forfeiture allegation, pursuant to 18 U.S.C.

1

§ 981(a)(1)(A) and (C), 18 U.S.C. § 1030(i), and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the defendant of the offense alleged in Count One of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense. (DE # 3 at ¶ 31.) The Indictment further provided the United States would seek a forfeiture money judgment against the defendant for a sum of money equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses. (*Id.*)

3.      The indictment also stated that upon conviction of Count One, the defendant "shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of this violation, pursuant to Title 18, United States Code, Section 982(a)(1) and (2) and 1030(i)." (*Id.* at 32.)

4.      The Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(2). (*Id.* at 33.)

5.      On September 29, 2025, the defendant entered a voluntary plea of guilty to Count One of the indictment pursuant to a plea agreement with the United States. (DE # 119.) In Paragraph 19 of the plea agreement, the defendant admitted that he had obtained approximately $15,083.50 in proceeds of the offense of conviction, and that as a result of the defendant's acts or

2

omissions, the actual proceeds of the offense were not available for forfeiture. The defendant further acknowledged that pursuant to Title 21, United States Code, Section 853(p), the United States is entitled to forfeiture of substitute property up to the value of the money judgment entered pursuant to this agreement. (DE # 119 at ¶ 20.)

6. On May 1, 2026, a sentencing hearing was held in this matter, and the Court orally issued an Order of Forfeiture in the form of a money judgment in the amount of $15,100, which is consistent with the plea agreement, contingent upon the United States moving the Court to issue a written Order of Forfeiture.

7. Based on the defendant's admissions in the written plea agreement, his guilty plea on September 29, 2025, and the record established at the sentencing hearing held on May 1, 2026, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $15,100, pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), 18 U.S.C. § 1030(i), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1). This amount represents the proceeds of the Defendant's crimes.

8. The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace.

9. Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment.

10. Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United

3

States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461 and 18 U.S.C. § 982(b)(2). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

## **CONCLUSION**

The United States respectfully requests that this Court:

a) Enter the written Order of Forfeiture (Money Judgment) in the form submitted herewith;

b) Retain jurisdiction in this case for purposes of enforcing the forfeiture; and

c) Incorporate the written Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant on May 1, 2026, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

JOHN A. EISENBERG
Assistant Attorney General
National Security Division

By:   *s/ Gregory Jon Nicosia, Jr.*
GREGORY JON NICOSIA, JR.
D.C. Bar No. 1033923
Trial Attorney
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 353-4273
Gregory.Nicosia@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that the above document was filed through the ECF system and will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


Date: May 5, 2026                           */s/ Gregory Jon Nicosia, Jr.*
                                            GREGORY JON NICOSIA, JR.
                                            Trial Attorney
                                            National Security Division