IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:24-CR-00151 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| MATTHEW ISAAC KNOOT | ) | |

**<u>ORDER OF FORFEITURE (MONEY JUDGMENT)</u>**

WHEREAS, on August 7, 2024, a grand jury indicted the defendant with Conspiracy to Damage Protected Computers, in violation of Title 18, United States Code, Section 371 (Count One); Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two); Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349 (Count Three); Intentional Damage to a Protected Computer, in violation of Title 18, United States Code, Sections 1030(a)(5)(A), (c)(4)(B), and (c)(4)(A)(i)(I) (Count Four); Aggravated Identity Theft, in violation of Title 18, United States Code, Sections 1028(a)(1) and 2 (Count Five); and Conspiracy to Cause the Unlawful Employment of Aliens, in violation of Title 18, United States Code, Section 371 (Count Six);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), 18 U.S.C. § 1030(i), and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the defendant of the offense alleged in Count One of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense. The Indictment further provided the United States would seek a forfeiture money judgment against the defendant for a sum of money equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses;

1

WHEREAS, the indictment also stated that upon conviction of Count One, the defendant "shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of this violation, pursuant to Title 18, United States Code, Section 982(a)(1) and (2) and 1030(i)";

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b)(2).

WHEREAS, on September 29, 2025, the defendant entered a voluntary plea of guilty to Count One of the indictment pursuant to a plea agreement with the United States.

WHEREAS, in paragraph 19 of the plea agreement, the defendant admitted that he had obtained approximately $15,083.50 in proceeds of the offense of conviction, and that as a result of the defendant's acts or omissions, the actual proceeds of the offense were not available for forfeiture, and in paragraph 20 the defendant further acknowledged that pursuant to Title 21, United States Code, Section 853(p), the United States is entitled to forfeiture of substitute property up to the value of the money judgment entered pursuant to this agreement;

WHEREAS, based on the defendant's admissions in the written plea agreement, his guilty plea on September 29, 2025, and the record established at the sentencing hearing held on May 1, 2026, the United States is entitled to an Order of Forfeiture consisting of a personal money

2

judgment against the Defendant, in the amount of $15,100, pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), 18 U.S.C. § 1030(i), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1);

WHEREAS, the amount of $15,100 is equivalent to the amount of proceeds that the defendant obtained as a result of violations of 18 U.S.C. § 371;

WHEREAS, this Court included a forfeiture money judgment in the amount of $15,100 when orally announcing the Defendant's sentence, pursuant to Rule 32.2(b)(4)(B); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.

Accordingly, it is ORDERED:

1. The Defendant shall forfeit to the United States the sum of $15,100, pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), 18 U.S.C. § 1030(i), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461 and 18 U.S.C. § 982(b)(2), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be incorporated into the criminal judgment entered by this Court against the defendant on May 1, 2026.

Dated: _____                               _____
                                                     Hon. Eli Richardson
                                                     United States District Judge

Case 3:24-cr-00151   Document 138-1   Filed 05/05/26   Page 4 of 4 PageID #: 895