| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | **3:24-cr-151** | |
| | ) | **JUDGE RICHARDSON** | |
| MATTHEW KNOOT | ) | | |

## MOTION TO REMAIN ON RELEASE DURING PENDENCY OF APPEAL

Comes now Counsel for the defendant, Mr. Matthew Knoot, Mr. Manuel B. Russ, and moves this Honorable Court to permit him to remain supervised release during the pendency of his appeal of the Court's sentence imposed on May 1ˢᵗ, 2026, of eighteen months confinement followed by one year of supervised release. The Court permitted Mr. Knoot to self-surrender no later than 2 P.M. June 30ᵗʰ, 2026, and, at the filing of this motion, he is still on supervision and complying with all the terms of his release imposed by the Court[1]. Mr. Knoot, for the reasons noted below, moves this Court to allow him to remain on supervision, under the same terms and conditions, during the pendency of his appeal and hold in abeyance the requirement that he report to serve his sentence of confinement by June 30ᵗʰ, 2026.

18 U.S.C. § 3143(b) establishes a default rule of detention for convicted defendants who have been sentenced to imprisonment and have filed an appeal or petition for certiorari and creates a presumption against release. 18 U.S.C. § 3143(b); *United States v. Chilingirian*, 280 F.3d 704 (6ᵗʰ Cir. 2002). "To establish entitlement to release pending appeal, defendant must show 1) by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community, and 2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, or a sentence that does not include

---

[1] Mr. Knoot was released on August 8ᵗʰ, 2024, and has remained on supervision and in compliance for the past twenty-two months without incident.

a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *United States v. Katsma*, 147 F. App'x 561, 565 (6th Cir. 2005) (citing *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985); 18 U.S. § 3143(b)(1)(B)(i-iv). To obtain release pending appeal, a defendant need not show, with absolute certainty, that he will prevail on appeal but, rather, that "the appeal presents a close question or one that could go either way." *United States v. Freeman*, 42 F. App'x 808, 809 (6th Cir. 2002); see also *United States v. Sittenfeld*, No. 23-3840, 2024 WL 3025509 *1(6th Cir. 2024) ("section 3143(b) does not require a court to think reversal is probable or likely. [ ] Rather, it must be likely that success on appeal, on the substantial question that the defendant raises, would result in reversal or a new trial.")

Based on the Court's recent review of the review of the sentencing factors, as well as his exemplary conduct while on supervision for almost two years with the Court, Mr. Knoot easily satisfies first prong of the inquiry. He is no risk to the community, nor was he ever a risk. Further, his conduct demonstrates that he has no intention of fleeing the Court's jurisdiction. Mr. Knoot also meets the requirements of the second prong and, consequently, should be granted the relief he requests.

## I. The Court Erred

Mr. Knoot has the good faith belief that the Court erred in calculating the economic loss to his victims which resulted in an erroneous ten-level increase to his guideline calculation. This increase led the Court to impose a sentence of confinement that was substantially greater than it would have been had the ten-level increase not been applied. The Court concluded[2], contrary to

---

[2] Based on the necessity of filing this motion, and having it resolved, expeditiously due to Mr. Knoot's impending surrender date of June 30th, a transcript of the plea agreement hearing has been ordered but is not available at the time of the filing of this pleading.

the information contained in the plea agreement signed by Mr. Knoot, that he had agreed to the recommended loss amount, in excess of $550,000, which the Court ultimately determined to be appropriate. The plain language of the plea agreement notes that Mr. Knoot "has not agreed to this calculation" of the loss amount that the Government suggested in Section 12(a)(ii)(1). (D.E. 119, PageID#697) Mr. Knoot further made explicit that he did not agree with the amount of loss suggested by the Government in the section dealing with restitution when he and his counsel amended the plea agreement at the time of the plea acceptance hearing. (D.E. 119, PageID#700) Additionally, Mr. Knoot, through his counsel, objected in his sentencing memorandum to the amount of loss stated by the Government as the Government did not and could not prove the loss amount they stated and Mr. Knoot, therein, argued for a far lower amount of total loss evidencing his clear objection to the Court regarding the loss amount. (D.E. 134, Defense Sentencing Memorandum) All of these instances demonstrate clearly that Mr. Knoot did not agree to the loss amount that the Court ultimately chose and it was error to determine that this was a factual issue which had been decided at the plea agreement by agreement.

The Government bears the burden of proving the increased loss amount applies. *United States v. Dupree*, 323 F.3d 480, 491 (6th Cir. 2003) Further, while U.S.S.G. §2B1.1 permits the district court determine loss through a reasonable estimate, the emphasis is on "reasonable" and the loss must be supported by at least a preponderance of the evidence. *United States v. Igboba*, 964 F.3d 501, 509 (6th Cir. 2020). Likewise, the courts must avoid calculating loss based on unreliable evidence. *See United States v. Jones*, 641 F.3d 706, 712 (6th Cir. 2011). Had the Court not incorrectly determined that Mr. Knoot agreed to the loss calculation, the Government would have been forced to prove that the loss amount they alleged was accurate by a preponderance of the evidence. They were excused from this necessity by the Court's error. Mr. Knoot's chance of

3

success on appeal certainly raises a "close question" at the very least and, consequently, he has met the both prongs of the *Pollard* analysis and overcomes the presumption in 18 U.S. § 3143(b). This Court should grant his motion to remain on release pending his appeal for this reason alone.

## II. Mr. Knoot's Counsel Erred

The Court concluded that Mr. Knoot had agreed to the loss amount suggested by the Government when he failed to orally object[3] to the recitation of facts by the Government at his change of plea hearing in spite of the other manners and places where he clearly did object to the loss amount. Mr. Knoot's counsel should have insured that he properly preserved this objection and failed to do so resulting in ineffective assistance of counsel.

The test to determine ineffective assistance of counsel has two components, performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687-688 (1984) ("The performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.") In order for the petitioner demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* court defined "reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The court found the standard of proof necessary to support the prejudice test to be somewhat lower than a preponderance of the evidence. *Id.* at 694. ("The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.")

Mr. Knoot's counsel permitted the Government to prevent facts at Mr. Knoot's change of plea hearing that included a loss amount that, as noted, he clearly objected to in other ways. The

---

[3] This assertion is based on Counsel's communication with Mr. Knoot's trial counsel.

failure of his counsel to object to these facts read in open court, in addition to the other objections, led to the Court's conclusion that Mr. Knoot agreed to the loss amount which it then used to increase his base offense level by ten levels. Mr. Knoot has met the second prong of the *Pollard* analysis for this reason as well and.

For either reason stated, there was error and a correction of this procedural error in the guideline calculation would lead to either a non-custodial sentence from the Court, or a substantially reduced custodial sentence. Mr. Knoot's chance of success on appeal is significant and, consequently, he has met the second prong of the *Pollard* analysis to overcome the presumption in 18 U.S. § 3143(b) for this reason as well. He is entitled to relief by the Court and should remain on release pending his appeal.

Respectfully Submitted,

/s/ Manuel B. Russ
Manuel B. Russ   #23866
Attorney for Mr. Knoot
340 21st Avenue North
Nashville, TN  37203
(615) 329-1919

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that on this the 19th day of June, 2026, a true and exact copy of the foregoing Notice has been delivered, via the Court's electronic filing system to Mr. Gregory Nicosia, the United States Attorney's Office, National Security Division, 950 Pennsylvania Avenue N.W., Washington, D.C. 20530.

/s Manuel B. Russ
MANUEL B. RUSS