IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA )
) Case No. 3:24-cr-00151
v. )
) JUDGE RICHARDSON
MATTHEW ISAAC KNOOT )

**RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO REMAIN ON RELEASE DURING PENDENCY OF APPEAL**

Comes now the United States of America, by and through the undersigned United States Department of Justice Trial Attorney, Gregory J. Nicosia, Jr., and responds to the defendant's Motion to Remain on Release During Pendency of Appeal (hereinafter the "motion"). (DE # 148.) The United States respectfully submits that the defendant's motion should be denied in its entirety and a hearing on the motion is unnecessary. The defendant cannot establish, under 18 U.S.C. § 3143(b), that he is not a risk of flight by clear and convincing evidence, that his appeal is not for the purpose of delay, and that his appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, or a sentence that does not include a term of imprisonment.

**RELEVANT BACKGROUND**

On August 7, 2024, a grand jury indicted the defendant with Conspiracy to Damage Protected Computers, in violation of Title 18, United States Code, Section 371 (Count One); Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(h) (Count Two); Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349 (Count Three); Intentional Damage to a Protected Computer, in violation of Title 18, United States Code, Sections 1030(a)(5)(A), (c)(4)(B), and (c)(4)(A)(i)(I) (Count Four); Aggravated Identity Theft, in violation of Title 18, United States Code, Sections 1028(a)(1) and 2 (Count Five); and Conspiracy to Cause the Unlawful Employment of Aliens, in violation of Title

1

18, United States Code, Section 371 (Count Six). (DE # 3.) On July 22, 2025, the Court granted the defendant's Motion to Dismiss as to Count Six of the indictment. (DE # 88.)

On September 29, 2025, the defendant entered a voluntary plea of guilty to Count One of the indictment pursuant to a plea agreement with the United States. (DE # 119.) Pursuant to the plea agreement, the defendant knowingly waived the right to appeal any sentence within or below the Court-determined guidelines range, and the right to challenge the sentence imposed in any motion pursuant to Title 18, United States Code, Section 3582(c)(2) and in any collateral attack, including, but not limited to, a motion brought pursuant to Title 28, United States Code, Sections 2255 and 2241. (DE # 119 at ¶ 28.) The plea agreement preserved the defendant's right to appeal claims "of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel." (*Id.*)

On May 1, 2026, the Court held a sentencing hearing and imposed a below-guidelines sentence of 18 months confinement followed by one year of supervised release. (DE # 136.) The defendant was also ordered to pay $15,100 in restitution to four victim companies and to forfeit an additional $15,100 in the form of a money judgment. (DE # 136, 139.) At the conclusion of the hearing, the defendant requested an additional 60 days to self-report to the Bureau of Prisons. The United States, being unaware of any violations while on release or other reason to oppose it, did not object to this request. The Court ordered the defendant to self-report to the Bureau of Prisons on June 30, 2026. On May 20, 2026, the defendant filed a notice of appeal (DE # 143), and on June 19, 2026, the defendant filed the instant motion. (DE #148.)

## **LEGAL ARGUMENT**

As the defendant concedes, "[t]he Bail Reform Act, 18 U.S.C. § 3143(b), creates a presumption against release pending appeal." *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). A defendant seeking release pending appeal of a conviction bears the burden of

2

establishing the following: (1) by clear and convincing evidence that he is not likely to flee, (2) by clear and convincing evidence that he does not pose a danger to the safety of any other person or the community, (3) the appeal is not for the purpose of delay, and (4) the appeal raises a substantial question of law or fact likely to result in reversal or other favorable relief. *See* 18 U.S.C. § 3143(b); *see also Chilingirian*, 280 F.3d at 709; *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988). These factors are conjunctive, and thus, the absence of any factor will prevent release. As explained below, the Court should deny the defendant's motion because he cannot meet his burden as to the risk of flight, attempt to delay the proceedings, and substantial question of law or fact for appeal factors.

**1.      The Defendant Has Not Shown by Clear and Convincing Evidence that He is Not a Flight Risk.**

The defendant must first show, by clear and convincing evidence, that he is not a danger to the community or risk of flight. He has not met this high evidentiary burden. The defendant's motion notes that he has been on supervised release since August 2024 without issue and implies that this demonstrates he has no intention of fleeing. (DE # 148 at 2.) Although the defendant has appeared in court as required and, to the government's knowledge, complied with the terms of his pretrial release, his motion does not address the change in circumstances. There is now an increased motivation to flee because he stands convicted *and* sentenced for a serious crime. A theoretical possibility prior to sentencing has since transformed into a concrete 18-month sentence scheduled to begin in less than one week.

Additionally, the fraudulent nature of the defendant's offense of conviction negates his mere assurances that he will continue to honor the conditions of his release. The defendant has admitted to and stands convicted of "receiv[ing] and host[ing] laptop computers issued by U.S. companies to 'Andrew M.' at [his] Nashville, Tennessee residences for the purposes of deceiving

the companies into believing that Andrew M. was located in the United States. Following receipt of the laptops, and without authorization from the victim companies, [the defendant] logged on to the laptops, downloaded and installed remote desktop applications, and accessed without authorization the victim companies' networks." (DE # 119 at ¶ 7.) The Court specifically found that the defendant "knew that they were misusing Andrew M.'s identity" and "if the purpose that [the defendant] had was to deceive the companies into believing that Andrew M. was located in the United States, he would have known that the idea was to make it appear that he -- that the laptop that he had was being run by Andrew M. easily inferable that Andrew M. is being misused, his identity is being misused." Tr. of Sentencing Hr'g at 124-25, *United States v. Knoot*, No. 3:24-cr-00151 (M.D.T.N. May 1, 2026). The very purpose of the defendant's conduct was to "deceive" the victim companies, so there is at least *prima facie* evidence that he could deceive again.

2. **The Defendant Has Not Established that His Appeal is Not for the Purpose of Delay.**

The defendant's motion continues a troubling pattern of obstruction. Two days after the search of his residence, the defendant deleted the Discord account he used to communicate with his co-conspirator, Yang Di about the scheme, with the obvious goal of destroying evidence of his connections with Yang Di and role in the scheme. *See id.* at 44-49. This destruction of evidence followed two interactions with law enforcement in the preceding days where the defendant concealed and misrepresented his relationship with Yang Di.

The defendant's motion is yet another attempt to delay and otherwise avoid the consequences of his actions. As the Court observed at sentencing when applying a guidelines enhancement for obstruction based his destruction of evidence, "with a long time to think about this, [the defendant] would not have done this. I'm not disagreeing with that. I am saying it's still obstruction. And for the enhancement to be effective, it does need to apply to people within the

4

first couple of days of when they're tipped off to an investigation or else this enhancement wouldn't apply to people that, you know, do things like, you know, destroy evidence within the first few days of being notified." The defendant cannot overcome the presumption against release pending appeal without making a specific showing that his appeal is not for the purpose of delay. He has failed to meet his burden.

### 3. The Defendant's Presumed Appeal for Ineffective Assistance of Counsel Does Not Raise Substantial Questions of Law or Fact.

The defendant's appeal, if filed, will not present a substantial question that is likely to result in reversal, a reduced sentence, or other favorable relief. Based on filings by the defendant's prior attorney, it appears the defendant intends to raise an ineffective assistance of counsel claim on appeal. (*See* DE # 140.) The defendant's plea agreement limits the available grounds of appeal to claims "of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel." (DE # 119 at ¶ 28.) Despite the exemplary work of his prior counsel throughout the pendency of the litigation, the defendant now argues that his prior counsel failed to orally object to and properly preserve an objection relating to the loss amount set forth in the plea agreement. (DE # 148 at 4; *see also* DE 119 at ¶ 7.) The defendant's arguments regarding loss amount—and his prior counsel's purported failure to object to it—were thoroughly considered by this Court and rejected on several grounds. *Tr. of Sentencing Hr'g* at 11-44, *United States v. Knoot*, No. 3:24-cr-00151 (M.D.T.N. May 1, 2026). The defendant's presumed theory on appeal is nothing more than an attempt to provide plausible cover for what is an otherwise barred claim.

An appeal raises a "substantial question" of law or fact when it presents a "close question or one that could go either way." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (citing *United States v. Powell*, 761 F.2d 1227, 1233–34 (8th Cir. 1985)). The question must be "so integral to the merits of the conviction that it is more probable than not that reversal or a new

5

trial will occur if the question is decided in the defendant's favor." *Id.* The trial court is in the best position to determine whether the issues pending appeal constitute substantial questions of law. *Id.* At sentencing, the defendant objected to the application of a loss amount under U.S.S.G. § 2B1.1(b)(1)(H), arguing the government has failed to provide sufficient evidence to establish the loss amount by a preponderance of the evidence. *Tr. of Sentencing Hr'g* at 11, *United States v. Knoot*, No. 3:24-cr-00151 (M.D.T.N. May 1, 2026).

Following vigorous argument from both sides, the Court, relying on *United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003), found that the defendant made a sufficient showing to challenge the reliability or correctness of the alleged loss amount in the pre-sentencing report, but nonetheless concluded the government properly relied upon the admitted to facts in the plea agreement, which established "the conspiracy impacted at least five companies that collectively paid at least $258,553.74 in wages to Yang Di operating the Andrew M. persona and caused at least $544,700 losses representing the cost to remediate the victim companies' corporate computer networks and devices, audit code created by." *Id.* at 33-35. The record establishes that the Court was well within its sound discretion in arriving at this conclusion.

Despite the plain language in the plea agreement foreclosing his ability to challenge this determination on appeal, the defendant attempts to recast this same objection to the loss amount as a claim of ineffective assistance of counsel. Not only was the defendant's prior counsel not ineffective, he in fact raised the very objection the defendant now alleges is the basis of his presumed appeal. Upon learning of the Court's decision to overrule the application of a loss amount under U.S.S.G. § 2B1.1(b)(1)(H), the defendant's prior counsel stated, "it did[n't] make sense for me to object to this amount in restitution and not object it to in the factual basis because they're the same amounts. And what I should have done is gone back and -- and just made clear

on the record that we disagree with those too." *Id.* at 41. The Court responded by noting that defense counsel—and by extension the defendant "are not treated by this Court as having [] agree[d] to the loss amount for purposes of 2B1.1." Instead, the Court found that the defendant "…agreed to certain facts as stated in the plea agreement. So I'm taking those facts and then saying, well, if a party is admitting that, if a party is admitting that, based on those factual admissions, those facts that are now undisputed, [and I] would [] conclude that the loss amount is between 550,000 and 1.5 mil[lion]." *Id.* Thus, the Court determined the loss amount based on reliable evidence to between $550,000 and $1.5 million, and the defendant's prior counsel performed exactly as he should have in light of that ruling. No objection was deemed forfeited, nor waived. Accordingly, the defendant's presumed appeal for ineffective assistance of counsel will not raise substantial questions of law or fact and his motion to remain on release should be denied.

**CONCLUSION**

Based on the foregoing, the United States respectfully submits that the Court should deny

the defendant's to Remain on Release During Pendency of Appeal and do so without a hearing.

Respectfully submitted,

JOHN A. EISENBERG
Assistant Attorney General
National Security Division

By:     *s/ Gregory Jon Nicosia, Jr.*
GREGORY JON NICOSIA, JR.
D.C. Bar No. 1033923
Trial Attorney
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 353-4273
Gregory.Nicosia@usdoj.gov

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Date: June 24, 2026

*/s/ Gregory Jon Nicosia, Jr.*
GREGORY JON NICOSIA, JR.
Trial Attorney
National Security Division

Case 3:24-cr-00151     Document 154     Filed 06/24/26     Page 9 of 9 PageID #: 1142